UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Docket no. 1:16-cv-191-GZS |
| | ) |
| KENNEBEC SCRAP IRON, INC., | ) |
| | ) |
| | ) |
| Defendant. | ) |

**ORDER ON GOVERNMENT'S MOTION TO STRIKE AFFIRMATIVE DEFENSES**

Before the Court is the Government's Motion to Strike Twenty-Three of Defendant's Affirmative Defenses (ECF No. 9). After considering the Motion and Memorandum of Law in Support (ECF No 9-1), Defendant's Response (ECF No. 16), and the Government's Reply (ECF No. 18), and for the reasons briefly explained herein, the Court GRANTS IN PART and DENIES IN PART the Motion.

**I.      FACTUAL BACKGROUND**

On April 1, 2016, the United States commenced a civil action for injunctive relief and civil penalties against Kennebec Scrap Iron, Inc., for allegedly failing to comply with the conditions of a permit issued to the company pursuant to Section 402 of the Clean Water Act, 33 U.S.C. § 1342. The Complaint alleges that the permit authorizes Defendant to discharge storm water from its scrap metal recovery and recycling operation in Oakland, ME, to tributaries of Messalonskee Stream, a perennial stream that flows into the Kennebec River. (See Complaint (ECF No. 1) at 7-9.) The Complaint further alleges that Defendant failed to maintain a sufficient Storm Water Pollution

Prevention Plan; failed to maintain certain methods for managing storm water; failed to conduct or properly conduct benchmark monitoring at storm water outfalls; failed to conduct or properly conduct visual monitoring at the outfalls; failed to properly conduct quarterly site evaluations; and failed to properly conduct employee training. (Complaint at 10-15.) On August 22, 2016, Defendant filed an Answer that included thirty-three affirmative defenses. On September 12, 2016, the Government filed its Motion to Strike twenty-three of those defenses, as described below.

## II.     LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 12(f), this Court "may strike from a pleading an insufficient defense." However, "motions to strike defenses are disfavored." Tobin v. Univ. of Me. Sys., No. CIV. 98-237-B, 2000 WL 863228, at *1 (D. Me. Mar. 3, 2000) (citing Nelson v. Univ. of Me. Sys., 914 F. Supp. 643, 646–47 (D. Me. 1996) and Coolidge v. Judith Gap Lumber Co., 808 F. Supp. 889, 893 (D. Me. 1992)). "It is appropriate for the court to grant a 12(f) motion to strike a defense *only if* the defense is legally insufficient and presents no question of law or fact that the court must resolve." Johnson v. Chrysler Corp., 187 F.R.D. 440, 441 (D. Me. 1999) (emphasis added). A defense is legally insufficient to the extent that striking it may be appropriate when it is "clearly apparent . . . that the movant would succeed despite any state of facts which could be proved in support of the defense." United States v. Conagra Grocery Prods. Co., LLC, No. 2:11-cv-455-NT, 2012 WL 3137436, at *1 (D. Me. July 31, 2012) (internal quotation marks omitted); see also Coolidge, 808 F. Supp. at 893 (court may strike "only those defenses so legally insufficient that it is beyond cavil that the defendants could not prevail on them") (internal quotation marks omitted); Tobin, 2000 WL 863228, at *1 (determining that a defense is not legally

insufficient because "Defendants may later prove facts to support the defense"). In general, "[w]here there are disputed issues of fact or substantial issues of law, a motion to strike should not be used to test the merits of the defense; close or new questions of law and disputed factual issues should await a full hearing on the merits." In re All Maine Asbestos Litig., 575 F. Supp. 1375, 1377 (D. Me. 1983). This is consistent with the Court's practice of avoiding "tamper[ing] with the pleadings unless there is a strong reason for so doing." Sebunya v. Holder, No. 2:12-cv-67-GZS, 2012 WL 5993160, at *1 (D. Me. Nov. 30, 2012) (internal quotation omitted). Further, "[a]n affirmative defense may be pleaded in general terms and will be held to be sufficient, and therefore invulnerable to a motion to strike, as long as it gives plaintiff fair notice of the nature of the defense."[1] White v. Spurwink Servs., Inc., No. 2:12-cv-117-GZS, 2012 WL 3138865, at *1 (D. Me. July 31, 2012) (internal quotation marks omitted).

When appropriate, however, winnowing out legally insufficient defenses by granting a motion to strike may help clarify the issues in dispute and avoid prejudice to the plaintiff created by having to respond to meritless defenses.[2] See New York v. Am. Elec. Power Serv. Corp., Nos. 2:04 CV 1098, 2:05 CV 360, 2006 WL 1331543, at *1 (S.D. Ohio Mar. 21, 2006) ("Such a motion

---

[1] The Court acknowledges the ongoing debate in the district courts over whether or not the Twombly/Iqbal pleading standard applies to affirmative defenses. See United States v. Conagra Grocery Prods. Co., LLC, 4 F. Supp. 3d 243, 252 (D. Me. 2014) ("Federal courts across the country have been grappling with the question of whether Iqbal and Twombly's plausibility requirements apply to a defendant's assertion of affirmative defenses."). However, the Court declines to extend the Twombly/Iqbal pleading standard to affirmative defenses given that the First Circuit has yet to address the question. See id.

[2] Courts in this District have, on occasion, stated that motions to strike are "rarely granted absent a showing of prejudice to the moving party." See, e.g., Johnson v. Chrysler Corp., 187 F.R.D. 440, 441 (D. Me. 1999) (internal quotation marks omitted). This Court treats potential prejudice to the moving party as a permissible consideration in deciding a motion to strike. However, the Court is not aware of any instance in this District where a court has declined to strike a *legally insufficient* defense based on a determination that its presence in the case did not prejudice the movant. Compare Elliot v. City of New York, No. 06-CV-296 (KMK), 2008 WL 4178187, at *15 (S.D.N.Y. Sept. 8, 2008) ("To prevail on a motion to strike an affirmative defense, a plaintiff must establish three criteria: (1) there is no question of fact which might allow the defense to succeed; (2) there is no question of law which might allow the defense to succeed; *and* (3) the plaintiff would be prejudiced by inclusion of the defense.") (emphasis added) (internal quotation marks omitted).

is also proper if it aids in eliminating spurious issues before trial, thereby streamlining the litigation.") (internal quotation marks omitted); see also Shaub & Williams, L.L.P. v. Augme Techs., Inc., No. 13 Civ. 1101(GBD), 2014 WL 625390, at *7 (S.D.N.Y. Feb. 14, 2014) (noting that "[i]nclusion of [] invalid defenses risks prejudice to a plaintiff due to increased time and expense of litigation"). With these principles in mind, the Court turns to the individual affirmative defenses that are the subject of the Government's Motion.

### III.   DISCUSSION

#### A. Affirmative Defenses 1, 20, and 21

The Government moves to strike Defendant's Affirmative Defenses 1 ("The Complaint fails to state a claim upon which relief can be granted"); 20 ("The violations alleged are unenforceable because they are vague"); and 21 ("The violations alleged are unenforceable because they are overbroad"). Pursuant to Federal Rule of Civil Procedure 8(a)(2), a plaintiff must plead a "short and plain statement" demonstrating a plausible claim to relief. Ashcroft v. Iqbal, 556 U.S. 662, 677-78 (2009). This Court will strike an affirmative defense of failure to state a claim if the plaintiff has put forward a well-pleaded claim. Johnson, 187 F.R.D. at 441 ("Plaintiff's Complaint sets forth a short and plain statement showing that the pleader is entitled to relief. Because there is no factual issue or issue of law to be resolved before the validity of this defense in the present context may be determined, the Court will strike Chrysler's first affirmative defense."). In this case, as outlined by the Government in its Memorandum of Law in support of its Motion and in its Reply (Gov't Mem. at 2-3; Gov't Reply at 6), it has pleaded the essential

elements of facially plausible claims under the Clean Water Act for specific violations. Therefore, the Court GRANTS the Government's Motion as to Affirmative Defenses 1, 20, and 21.[3]

### B. Affirmative Defenses 2, 4, 11, 12, 13, 14, 15, 16, 22, 24, and 29

The Government moves to strike Defendant's Affirmative Defenses 2 ("The Court lacks jurisdiction under the provisions of the Clean Water Act"); 4 ("Plaintiff lacks standing to bring this action"); 11 ("Enforcing the Clean Water Act in the manner sought by Plaintiff would violate the Commerce Clause of the Constitution"); 12 ("Enforcing the Clean Water Act in the manner sought by Plaintiff would constitute an unconstitutional taking"); 13 ("Enforcing the Clean Water Act in the manner sought by Plaintiff would violate due process"); 14 ("The relief sought by Plaintiff is wholly disproportionate to the alleged noncompliance"); 15 ("Enforcing the Clean Water Act in the manner sought by Plaintiff would violate federalism principles"); 16 ("The relief sought by Plaintiff is not permitted under the Clean Water Act"); 22 ("The Plaintiff's interpretation and conduct is *ultra vires*"); 24 ("The Plaintiff is improperly applying the statutory enforcement provisions required when attempting to assess civil penalty amounts"); and 29 ("Plaintiff is attempting to enforce the Clean Water Act in a manner which is contrary to the enforcement approach of the State of Maine in these matters").

The Government contends that "[t]hese broad facial challenges do not appear to depend on facts that are unique to this case, and the defendant has not suggested any such facts." (Gov't Reply at 3.) Although the Government may indeed be correct that "it is *unlikely* that discovery between the parties will yield information relevant to these well-settled legal matters" (id.)

---

[3] The Court notes that some courts have held that "a defendant may not plead a plaintiff's failure to state a claim as an affirmative defense" and have struck the defense accordingly. See, e.g., Sarkis' Cafe, Inc. v. Sarks in the Park, LLC, 55 F. Supp. 3d 1034, 1041 (N.D. Ill. 2014); Barnes v. AT&T Pension Benefit Plan-Nonbargained Program, 718 F. Supp. 2d 1167, 1174 (N.D. Cal. 2010) (collecting cases). However, the Court is not aware of any precedent to that effect in this Circuit. See Fed R. Civ. P. 12(b)(6) ("Every defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required. But a party *may* assert the following defenses by motion: . . . failure to state a claim upon which relief can be granted . . . .") (emphasis added).

(emphasis added), unlikelihood is not enough.  To strike these defenses, the Court must determine that the Government will prevail "despite *any state of facts which could be proved* in support of the defense," Conagra Grocery Prods., 2012 WL 3137436, at *1 (emphasis added) (internal quotation marks omitted), and that these defenses "present[] *no question of law or fact* that the court must resolve," Johnson, 187 F.R.D. at 441 (emphasis added).  At this early stage of the proceeding, it would be premature to make that determination.  In addition, the Court does not believe that the Government will be prejudiced by having to engage in discovery and further argument on issues that will be central to proving its claims regardless of whether or not these issues are raised as affirmative defenses.  Therefore, the Court DENIES the Government's Motion as to Affirmative Defenses 2, 4, 11, 12, 13, 14, 15, 16, 22, 24, and 29.

### C. Affirmative Defense 3

The Government moves to strike Defendant's Affirmative Defense that the Government "failed to comply with the notice requirements of the Clean Water Act."  To the extent that the Government seeks to prove that it provided notice to the State of Maine by submitting an affidavit and exhibit with its Motion (see Attachs. to Gov't Mot. (ECF Nos. 9-2 and 9-3)), the Court hews to the general rule that it is improper to consider materials outside the pleadings when deciding a motion to strike.  See 5C Wright and Miller, Federal Practice and Procedure § 1380 at 404-05 (3d ed. 2004) ("Matter outside the pleadings normally is not considered on a Rule 12(f) motion; for example, affidavits in support of or in opposition to the motion typically may not be used.").  On any other issue of notice, further factual development is warranted at this stage.  The Court therefore DENIES the Government's Motion as to Affirmative Defense 3.

### D. Affirmative Defense 10

The Government moves to strike Defendant's Affirmative Defense 10 ("Plaintiff's claims fail because they are moot").  Mootness is not a viable defense to this action because it is black-letter law that the Government may seek penalties for wholly past violations of the Clean Water Act.  See Gwaltney of Smithfield, Ltd. v. Chesapeake Bay Found., Inc., 484 U.S. 49, 58 (1987) ("[I]t is little questioned that the Administrator may bring enforcement actions to recover civil penalties for wholly past violations . . . ."); see also Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc., 528 U.S. 167, 211 n.5 (2000) (Scalia, J., dissenting) ("The proposition that impossibility of future violation does not moot the case holds true, of course, for civil-penalty suits by the government, which do not rest upon the theory that some particular future harm is being prevented.").  For this reason, the Court GRANTS the Government's Motion as to Affirmative Defense 10.[4]

### E. Affirmative Defenses 17, 27, 31, and 33

The Government moves to strike Defendant's Affirmative Defenses 17 ("Plaintiff's claims are barred, in whole or in part, by the doctrine of estoppel"); 27 ("Some of the conditions alleged by the Plaintiff to be violations were the result of Acts of God"); 31 ("Defendant is entitled to the upset defense"); and 33 ("Some of the point sources and discharges alleged in the Complaint are owned and caused by third parties").  Although the Government is correct in noting that all of these defenses will require further factual development, the Court is satisfied that at this early stage Defendant has provided adequate notice of these defenses and that they are not legally insufficient

---

[4] To the extent Defendant will argue that it has adequately addressed the alleged violations, this may inform the Court's consideration of relief but does not defeat the Government's claims.

regardless of what facts may be proved in their support. Therefore, the Court DENIES the Government's Motion as to Affirmative Defenses 17, 27, 31, and 33.

### F. Affirmative Defense 18

The Government moves to strike Defendant's Affirmative Defense 18 ("Plaintiff's claims are barred, in whole or in part, by the doctrine of laches"). It remains black-letter law in this Circuit that a defendant cannot assert the defense of laches against the Government in actions like the present enforcement suit. United States v. Summerlin, 310 U.S. 414, 416 (1940) ("It is well settled that the United States is not . . . subject to the defense of laches in enforcing its rights."); United States v. Thurston, 346 F. Supp. 2d 215, 219 (D. Me. 2004) ("[A] scintilla of legal research would indicate to the Defendants that such a defense is barred by one hundred eighty-two years of legal precedent. A virtually unbroken line of authority . . . holds that a private defendant cannot assert laches against the government.") (ellipses in original) (internal quotation marks omitted); see also Texaco P.R., Inc. v. Dep't of Consumer Affairs, 60 F.3d 867, 878 (1st Cir. 1995) (holding that court could consider a government's delay in crafting an equitable remedy but reiterating that "laches ordinarily cannot be raised as a defense against the government in an action brought to enforce a public right or protect a public interest"). For this reason, the Court GRANTS the Government's Motion as to Affirmative Defense 18.

### G. Affirmative Defense 26

The Government moves to strike Defendant's Affirmative Defense 26 ("The Plaintiff seeks to apply impermissibly the Clean Water Act's Responsible Corporate Officer doctrine, which is limited by the statute to criminal enforcement"). In its Response, Defendant concedes that this "defense may be stricken, because the United States has not named any natural person as a

defendant in this action." (Def.'s Response at 9.) For this reason, the Court GRANTS the Government's Motion as to Affirmative Defense 26.

### H.  Affirmative Defense 30

Lastly, the Government moves to strike Defendant's Affirmative Defense 30 ("Defendant is entitled to the by-pass defense"). As the Government correctly notes, the defense "is inapplicable here because none of the United States' claims are based on the bypass prohibition." (Gov't Mem. at 8.) Considering that this Court may strike a defense that is unrelated to the plaintiff's claims, see Conagra Grocery Prods., 2012 WL 3137436, at *1, the Court GRANTS the Government's Motion as to Affirmative Defense 30.

## IV.  CONCLUSION

For the foregoing reasons, the Court GRANTS IN PART the Government's Motion and strikes Affirmative Defenses 1, 10, 18, 20, 21, 26, and 30. The Government's Motion is DENIED IN PART as to the other affirmative defenses that are the subject of the Motion.


SO ORDERED.

      /s/ George Z. Singal
      United States District Judge

Dated this 10th day of November, 2016.